# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BRYANT HAMPTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 11-3178 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

This cause is before the Court on Petitioner Bryant Hampton's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion) (d/e 1). Petitioner's § 2255 Motion is DENIED because Petitioner has failed to establish his claims for ineffective assistance of defense counsel and no de process violations occurred.

## I. BACKGROUND

On November 18, 2009, Petitioner along with Eric Montgomery and Kyle Wilson, was charged by indictment with one count of Conspiracy to Distribute at Least 500 Grams of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846 and one count of Possession of at Least 500

Grams of Cocaine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2.  See Case No. 09-30108, d/e 14 at 1.

On January 21, 2010 the Government filed a Notice of Prior Felony Drug Conviction pursuant to 21 U.S.C. § 851 with respect to Petitioner's prior conviction for unlawful possession of marijuana in Tulsa County, Oklahoma.  See Case No. 09-30108, d/e 20.

On January 22, 2010, Petitioner, represented by defense counsel Mr. Dan Fultz, pleaded guilty to both counts of the Indictment.  See Case No. 09-30108, Minute Entry for 1/22/2010.  Petitioner seemed confused for a moment during his plea hearing when Judge Scott called Petitioner's plea an "open plea."  The relevant portion of Petitioner's plea hearing went as follows:

> The Court: Your attorney has indicated that this is an open plea. And that means that there's no agreement that the Government is going to recommend a specific sentence or that I will give you a specific sentence.  I will decide your sentence, but after we have a separate background investigation of your history and a separate hearing where both sides can present evidence and make recommendations.
>
> Petitioner: Yes, your Honor.
>
> The Court: Are you pleading guilty with that understanding?
>
> Defense Counsel: Your Honor, I think one of the points of confusion is that I have advised Mr. Hampton per the statute he's looking at a minimum ten years.  And he is anticipating a 5K1.1 departure.  So he's not sure what his sentence is, but I

> think he's confused because I have told him it will start at ten years.
>
> The Court: That is correct, assuming you have a prior felony conviction. But what I'm saying is there is no plea agreement that binds the Government to make a certain recommendation or the Court to give you a certain sentence, a certain specific sentence.
>
> Petitioner: Yes, your Honor.
>
> The Court: Okay. You look confused to me. So why don't you tell me what is bothering you.
>
> Petitioner: Nothing, your Honor. I just didn't really understand about the open. I understand. I understand, your Honor. He explained—my lawyer explained it to me, but I understand now.

Plea Tr. at 4-5.

The Court also asked Petitioner about whether the Government had accurately alleged a prior felony conviction:

> The Court: All right. Let me explain to you then the maximum possible penalties that you could receive if you plead guilty or if you were found guilty at trial.
>
> First of all, the Government has filed a document claiming that you previously were convicted of a felony drug offense in Tulsa County, Oklahoma; the offense of unlawful possession of marijuana, which was a second offense, and sentenced to three years in prison for that felony offense.
>
> Do you agree that's accurate, that you have that prior conviction?
>
> Petitioner: Yes, ma'am.

During the plea hearing, the Court also explained how the prior felony would affect Petitioner's sentence:

> The Court: Okay, [the prior felony drug conviction] affects the range of penalty here. The fact that you have that conviction means that for Count 1, the conspiracy charge, the penalty would be at least ten years in prison and it could range up to the rest of your life.
>
> When you get out of prison, if you got out of prison, there would be a term of supervised release that would last at least eight years, and it could last up to the rest of your life.
> Do you understand that?
>
> Petitioner: Yes, ma'am.
>
> The Court: Now, with respect to Count 2. Again, since you have a prior felony conviction, the penalty would be again at least ten years in prison and it could range up to the rest of your life.
>
> ***
>
> Do you understand that?
>
> Petitioner: Yes, ma'am.

Plea Tr. at 12-14.

Finally, the Court explained its role in applying the guidelines and determining the sentence:

> The Court: But in the end, I decide the challenges, I decide what your guideline range is. And it's possible that the decisions I make might be different from any estimate Mr. Fultz has given you.
>
> Do you understand that?
>
> Petitioner: Yes, ma'am.

***

>The Court: But I cannot sentence you to less than ten years, which is the statutory minimum for each of these offenses, unless, unless the Government makes a motion asking me to give you less than ten years because you provided substantial assistance to the Government in either prosecuting or investigating others or other crimes.
>
>Do you understand that?
>
>Petitioner: Yes, ma'am.
>
>The Court: And even if you and Mr. Fultz and I agree that you gave substantial assistance to the Government, if the Government attorney doesn't think it's substantial, and doesn't request it, I can't give you less than ten years.
>
>Petitioner: Yes, ma'am.
>
>The Court: It's his decision, or someone in his office, it's not even my decision. Do you understand that?
>
>Petitioner: Yes ma'am.

Plea Tr. at 23-24.

Prior to sentencing, the United States Probation Office completed a presentence report (PSR) to provide specific information about Petitioner for the Court to use at sentencing. In the PSR, Petitioner had a calculated base offense level of 26. See Case No. 09-30108, d/e 50 at ¶ 20. Petitioner received a two-level reduction for his minor role in the offense and a three-level reduction for acceptance of responsibility, resulting in a total offense level of 21. See Case No. 09-30108, d/e 50 at ¶¶ 23, 26-27.

The PSR also stated that Petitioner had a criminal history point total of 7 which included three points for his previous conviction for Unlawful Possession of Marijuana in Tulsa County District Court Case No. CF-1993-2157; one point for a DUI conviction in Tulsa County District Court Case No. CM-2001-4795; and three points for Possession of a Firearm After Former Felony Conviction in Tulsa County District Court Case No. CF-2004-3130.  See Case No. 09-30108, d/e 50 at ¶¶ 34-38.  Based on his 7 criminal history points, Petitioner received a criminal history category of IV.  See Case No. 09-30108, d/e 50 at ¶ 38.  With an offense level of 21 and criminal history category of IV, Petitioner had a guideline range of 57-71 months' imprisonment.  See Case No. 09-30108, d/e 50 at ¶ 85.  However, because of Petitioner's prior felony drug conviction and pursuant to 21 U.S.C. § 841(b)(1)(B), Petitioner faced a statutory minimum sentence of not less than ten years and up to life.  See Case No. 09-30108, d/e 50 at ¶ 85.

At sentencing, the Government moved for a sentence below the ten-year statutory minimum based on Petitioner's cooperation with the Government and pursuant to 18 U.S.C. § 3553(e).  Sent. Tr. at 7.  The Government requested a twenty percent reduction in the mandatory sentence or 96 months' imprisonment.  Sent. Tr. at 8.

Petitioner's counsel argued for a lower sentence:

> Defense Counsel: Mr. Gilmore has been very forthright with us through the course of this case and has been stand-up with regards to credit for Mr. Bryant Hampton's cooperation. And I believe that would result, according to my calculations, in a recommendation of around 96 months.
>
> I do know the guideline range with regard to Mr. Hampton if there were not a mandatory minimum was 57 to 71 months. And Judge, I do think that given his criminal history, a sentence at the low end of that guideline range is warranted. I think that the Court could consider, fairly consider a sentence at the high of that guideline range in the neighborhood of 6 to 7 years, which I think would be an appropriate sentence.

Sent. Tr. at 11.

Further, during the sentencing hearing, the Court asked Petitioner whether he had a copy of the PSR, if he had reviewed it with Mr. Fultz, and if he had any objections to anything in it. The PSR included a section about Petitioner's prior convictions in Tulsa County, Oklahoma. Petitioner answered that he had a copy of the PSR, that he had reviewed it with Mr. Fultz, and that he had no objections to anything in the PSR. Sent. Tr. at 3-4.

Petitioner received a sentence of 90 months' imprisonment and eight years' supervised release on each of Counts I and II to run concurrently. Petitioner also had to pay a $200 special assessment. See Case No. 09-30108, d/e 48.

Petitioner did not directly appeal the sentence imposed. On June 24, 2011, Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. See d/e 1. On July 25, 2011, the Court ordered the United States to respond to Petitioner's § 2255 Motion. See Text Order from 7/25/2011. The United States filed its response on September 23, 2011. See d/e 3.

## II.  ANALYSIS

Under 28 U.S.C. § 2255, a federal prisoner can attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. Here, Petitioner argues that his constitutional rights to effective assistance of counsel and due process were violated, and that based on these violations, Petitioner's federally imposed sentence should be set aside.

**A.   Petitioner Cannot Show He Would Not Have Pleaded Guilty Even If He Could Demonstrate that Mr. Fultz Performed Ineffectively**

Petitioner contends that Petitioner's defense counsel Mr. Fultz was ineffective because he failed to inform Petitioner that the Government had filed a Notice of Prior Felony Drug Conviction pursuant to 21 U.S.C. § 851.

See d/e 1, Ex. 1 at 5.  Petitioner also contends that Mr. Fultz told Petitioner that his offense level would be lowered due to Petitioner's acceptance of responsibility and that Petitioner would be looking at a sentence between 57 and 71 months' imprisonment.  See d/e 1, Ex. 1 at 6.  Petitioner asserts that he would not have pleaded guilty had he known he faced 8 years' supervised release, a possible life sentence, and that he would receive no benefit for cooperating.  See d/e 1, Ex. 1 at 6.

To prevail on his claim of ineffective assistance of counsel, Petitioner must demonstrate that his attorney performed in an objectively unreasonable manner and that the result of the proceeding would have been different had the attorney performed effectively.  See Hill v. Lockhart, 474 U.S. 52, 57 (1985); see also Strickland v. Washington, 466 U.S. 688, 687-88 (1984).  In the context of a guilty plea, a petitioner must show that the petitioner would not have pleaded guilty had counsel performed effectively.  Harvey v. McCaughtry, 11 F.3d 691, 693 (7th Cir. 1993).  Further, when making an ineffective assistance of counsel inquiry, a court must presume that counsel's conduct falls within the wide range of reasonable assistance.  Strickland, 466 U.S. at 689.

During Petitioner's plea hearing, the Court informed Petitioner that the Government had filed a document claiming Petitioner was convicted of

a felony drug offense in Tulsa County, Oklahoma. The Court asked Petitioner if he agreed that he had been convicted of the prior offense, and Petitioner agreed. See Plea Tr. at 12.

Next, the Court explained that as a result of the prior conviction, Petitioner faced a ten-year statutory minimum sentence and a term of supervised release of eight years to life on each of Counts I and II. See Plea Tr. at 12-14. Petitioner said that he understood the effect his prior felony drug conviction could have on his sentence. See Plea Tr. at 12-14.

Later, the Court explained that the Court determines what the guideline range and sentence will be and that it is possible that the Court's decisions may be different from any estimate given to Petitioner by Mr. Fultz. See Plea Tr. at 23-24. The Court also explained that because of Plaintiff's prior felony conviction, the Court could not sentence Petitioner to less than ten years on each count unless the Government moved for a sentence below the statutory minimum. See Plea Tr. at 23-24. Petitioner said that he understood what the Court had explained. See Plea Tr. at 23-24.

The Court then asked Petitioner if any improper promises had been made to induce him to plead guilty. Petitioner said no. See Plea Tr. at 21. Petitioner made all of these statements under oath.

Clearly, Petitioner understood the consequences of pleading guilty and the effect his prior felony drug conviction could have on the sentence imposed. Petitioner also understood that the Court would make the final decision regarding Petitioner's sentence and that the sentence could differ from estimates given to Petitioner by Mr. Fultz.

Based on these statements that Petitioner made under oath, Petitioner understood the consequences of pleading guilty yet proceeded with his guilty plea. Therefore, even if Petitioner could show that Mr. Fultz performed ineffectively by failing to notify Petitioner about the § 851 Notice of Prior Conviction and by misinforming Petitioner about his potential sentence, Petitioner could not show that reasonable performance by Mr. Fultz would have changed Petitioner's decision to plead guilty.

**B.     Mr. Fultz Did Not Perform Ineffectively By Asking For a Sentence Between 72 and 84 Months' Imprisonment**

Petitioner also contends that Mr. Fultz performed ineffectively by not arguing for a lower sentence. Petitioner notes that the Government filed a motion pursuant to 18 U.S.C. § 3553(e) which allowed the Court to sentence Petitioner below the ten-year statutory minimum. See d/e 1, Ex. 1 at 6. Petitioner feels that counsel should have argued for a sentence at the low range of the 57 to 71 month guideline range. See d/e 1, Ex. 1 at 7. This

would have been Petitioner's guideline range had the Government not filed the § 851 Notice of Prior Conviction.

Again, Petitioner must show that counsel performed in an objectively unreasonable manner during sentencing and that counsel's ineffective performance precluded Petitioner from receiving a lower sentence. Strickland, 466 U.S. at 687-88. Petitioner cannot show this.

During Petitioner's sentencing hearing, Mr. Fultz acknowledged the Government's recommendation that Petitioner serve 96 months in custody. See Sent. Tr. at 11. Next, Mr. Fultz reiterated that the guideline range for Petitioner would have been 57 to 71 months' imprisonment had the Government not filed the § 851 Notice of Prior Conviction. See Sent. Tr. at 11. Ultimately, Mr. Fultz argued that the Court could fairly consider a sentence of around 72 to 84 months' imprisonment. See Sent. Tr. at 11.

Mr. Fultz's recommendation of 72 to 84 months' imprisonment was just above what the guideline range would have been had the Government not filed the § 851 Notice of Prior Conviction. Moreover, Mr. Fultz recommended a sentence 12 to 24 months below what the Government wanted and 6 to 18 months below the 90 month sentence Petitioner received on each of Counts I and II to run concurrently. By asking the Court to give Petitioner a sentence below the Government's

recommendation and the sentence actually imposed, Mr. Fultz performed within the wide range of reasonable assistance.

## C. Neither the Government Nor the Court Violated Petitioner's Due Process Rights Because Petitioner Had Sufficient Time and Opportunity to Contest the Information in the § 851 Notice of Prior Felony Drug Conviction

Furthermore, Petitioner states that the Government filed a Notice of Prior Felony Drug Conviction on January 21, 2010, approximately twenty-four hours before Petitioner's plea hearing. See d/e 1, Ex. 1 at 9. Petitioner argues that § 851 and due process require that Petitioner have a reasonable opportunity to contest the charge of a prior offense. See d/e 1, Ex. 1 at 9. Petitioner asserts that one day's notice is not sufficient. See d/e 1, Ex. 1 at 9. Petitioner also asserts that the Court failed to provide Petitioner an opportunity to challenge the facts in the Notice of Prior Conviction. See d/e 1 at 5.

To enhance a statutory minimum sentence pursuant to 21 U.S.C. § 851, the Government must file with the court, and serve on the defendant, a notice of prior conviction describing the prior convictions. This must occur before the defendant enters a plea of guilty. The Seventh Circuit has found a defendant received sufficient notice of the Government's intent to file a § 851 Notice of Prior Conviction where the Government served the Notice on

the defendant on the day of his plea hearing but before the hearing had begun.  United States v. Stark, 168 Fed. Appx. 738, 740 (7th Cir. 2006).

Petitioner received the § 851 Notice of Prior Conviction describing his prior felony drug conviction one day before his plea hearing.  During his plea hearing, the Court asked whether Petitioner agreed that he had a prior felony drug conviction in Tulsa County, Oklahoma.  Petitioner agreed.  See Plea Tr. at 12.  Later, at his sentencing hearing, Petitioner stated that he had no objections to the information in the PSR which contained information about Petitioner's prior felony drug conviction.  See Sent. Tr. at 3-4.  Based on these undisputed facts, Petitioner had sufficient time and an adequate opportunity to contest the facts in the § 851 Notice of Prior Conviction.

### III.  CERTIFICATE OF APPEALABILITY

If a reasonable jurist could debate or disagree with the Court's assessment of Petitioner's claims, the Court must issue a Certificate of Appealability.  See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253(c)(2).  However, no reasonable jurist could debate the findings as to Petitioner's claims for ineffective assistance of defense counsel and a violation of Petitioner's due process rights.  Therefore, no

Certificate of Appealability shall issue on Petitioner's claims.  See Rule 11(a) of the Rules Governing § 2255 Proceedings.

## IV.  CONCLUSION

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. §2255 (d/e 1) is DENIED.  A Certificate of Appealability is DENIED.  THIS CASE IS CLOSED.

IT IS SO ORDERED.

ENTER: May 28, 2013

FOR THE COURT:	s/Sue E. Myerscough
	SUE E. MYERSCOUGH
	UNITED STATES DISTRICT JUDGE